UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| THERESA Y. GRAHAM, | ) | |
|---|---|---|
| | ) | Case No. 3:08-CV-328 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CHARLOTTE OBSERVER. | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the court upon Defendant's The McClatchy Corporation d/b/a The Charlotte Observer ("Defendant") Motion to Dismiss. For the reasons set forth below, the motion is granted.

Plaintiff Theresa Y. Graham ("Plaintiff") filed a Complaint against Defendant on January 1, 2007, which contained two causes of action: 1) Sexual and General Harassment; and 2) Wrongful Termination and Retaliation on the job. The court dismissed Plaintiff's First Complaint sua sponte due to Plaintiff's failure to prosecute her claims. On July 14, 2008 Plaintiff filed a second Complaint and alleged violations of Title VII of the Civil Rights Act of 1964. The Complaint was served on or about September 19, 2008.

For the reasons stated below, the court will grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff has the burden of proving subject matter jurisdiction when a motion is raised. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). The district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence by affidavit, depositions and live testimony. *Id.; Richmond,*

*Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992). Unlike the procedure in a Rule 12(b)(6) motion, in which the fact finder is presumed to retain the truth-finding role, a court considering a Rule 12(b)(1) motion may evaluate the evidence to determine whether it has subject matter jurisdiction. *Adams,* 697 F.2d at 1219. A motion to dismiss for lack of subject matter jurisdiction should be granted if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Richmond,* 945 F.2d at 768 (citation omitted).

Section 2000e-5(f)(1) of Title VII states that an individual must file a complaint within ninety days of receiving notice of a final decision by the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). Plaintiff received her right to sue letter from the EEOC on October 6, 2006 but failed to file the Complaint until 647 days later. (Def.'s Mot. Dismiss, Doc. 9, p. 2.) Therefore, Plaintiff's claims are untimely as filing exceeded the ninety-day time period. *Id.* at 4.

Furthermore, Plaintiff is not entitled to equitable tolling because the Fourth Circuit has held that dismissal of a prior Title VII claim without prejudice does not toll the ninety-day limitations period. *Nwaobasi v. First Sec. Fed. Sav. Bank, Inc.,* 105 F.3d 647 (4th Cir. 1997). Even if Plaintiff timely filed her First Complaint, the filing failed to toll the ninety-day period and her Second Complaint is time-barred. (Def.'s Mot. Dismiss, Doc. 9, p. 4.) Therefore, Plaintiff's Title VII claims are untimely and there is no federal question. *Id.* (citing *Yarborough v. Burger King Corp.*, 406 F. Supp. 2d 605, 609 (M.D.N.C. 2005)). Moreover, supplemental jurisdiction is not available because all federal claims will be dismissed, and such dismissal is proper under Rule 12(b)(1). *Id.* Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby

GRANTED.

Signed: July 7, 2009

Graham C. Mullen
United States District Judge